# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **LISA PATRICE CAMPBELL,** | * | |
| Appellant, | * | |
| v. | | Case No.: PWG-20-2090 |
| | * | |
| **U.S. BANK NATIONAL ASSOCIATION et al.** | * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This case is before me on Debtor Lisa Patrice Campbell's appeal from an Order of the United States Bankruptcy Court for the District of Maryland dismissing her Chapter 13 case and terminating the automatic stay imposed by 11 U.S.C. § 362(a).[1] Campbell failed to prosecute her case by either dismissing the case or converting it under another chapter of the Bankruptcy Code in compliance with a 14-day deadline established by an Order of the Bankruptcy Court, which had denied Campbell's proposed Chapter 13 Plan without further leave to amend. Due to Campbell's failure to comply with the court's order, I conclude that the dismissal was proper. Therefore, I affirm the Bankruptcy Court's decision to dismiss this case. "Order Denying Confirmation of Ch. 13 Plan without Leave to Amend in a Converted Case" ("Order Denying Ch. 13 Plan"), ECF No. 12-122; "Order with Notice Dismissing Ch. 13 Case and Notice that Automatic Stay Is Terminated" ("Order of Dismissal"), ECF No. 12-151.

## Background

---

[1] The issues are fully briefed (ECF Nos. 20, 21, and 24) and a hearing is not necessary. L.R. 105.6 (D. Md. 2018)

Debtor Campbell filed a Voluntary Chapter 13 Bankruptcy Petition on January 24, 2019. Ch. 13 Voluntary Petition, ECF No. 12-1. On February 4, 2019, Campbell filed a Motion to Convert from Chapter 13 to Chapter 7, which the Bankruptcy Court granted on February 25, 2019. "Order Converting from Chapter 13 to a Case Under Chapter 7," ECF No. 12-10; Appellant's Br. 13, ECF No. 20.

The Appellee U.S. Bank National Association ("U.S. Bank") filed a Motion for Relief from Stay on March 20, 2019 concerning the real estate located at 5623 Monroe Street, Landover Hills, MD 20784. Mot. for Relief from Stay, ECF No. 12-30; Appellee's Br. 5, ECF No. 21. The Motion alleged that the real estate was encumbered by a Deed of Trust in favor of U.S. Bank, that the entire balance of $338,954.67 had been accelerated and was due, and that the Debtor was behind on her mortgage payments by $126,368.23. *Id.* ¶ 6; "Debt," ECF No. 12-31; Appellee's Br. 5, ECF No. 21.

On April 22, 2019, Campbell filed a Motion to reconvert to Chapter 13 because she failed to satisfy the Means Test required for Chapter 7. Debtor's Mot. to Reconvert, ECF No. 12-50; Ch. 7 Monthly Income Statement, Form 122A-1, ECF No. 12-49. Following a hearing before the Bankruptcy Court, Judge Catliota entered an Order Reconverting from Chapter 7 to Chapter 13 on April 30, 2019. Proceeding Memo, April 22, 2019, ECF No. 12-48; Order Reconverting from Ch. 7 to Ch. 13, ECF No. 12-54. The Bankruptcy Court also issued an order modifying the automatic stay, conditionally granting the Motion for Relief and requiring Campbell to make a mortgage payment by May 1, 2019. "Order Modifying Automatic Stay," ECF No. 12-53. According to the Order, if Campbell's pending Motion to Reconvert to Chapter 13 was denied, the Bankruptcy Court would then terminate the automatic stay. *Id.*; Appellee's Br. 6, ECF No. 21.

As the Bankruptcy Court's May 23, 2019 order observed, Campbell failed to file and serve upon her creditors a proposed Chapter 13 Plan, which led to the Bankruptcy Court dismissing her case. Notice of Dismissal, ECF No. 12-60. On June 5, 2019, Campbell filed a Motion for Reconsideration, and, on July 22, 2019, a Chapter 13 Plan, which led to the court vacating its earlier dismissal. Debtor's Reconsideration Mot., ECF No. 12-64; Ch. 13 Plan, ECF No. 12-78; Order Vacating Order of Dismissal, ECF No. 12-80.

In response to Campbell's Chapter 13 Plan, the Trustee filed an Objection to Exemptions on November 27, 2019 because Campbell failed to cite to any authority in attempting to exempt 100% of the fair market value of her real and personal property. Obj. to Debtor's Claim of Exemptions on behalf of Rebecca A. Herr ("Obj. to Exemptions"), ECF No. 12-98; Ch. 13 Plan, ECF No. 12-78; Appellee's Br. 7, ECF No. 21. Both the Chapter 13 Trustee and U.S. Bank objected to confirmation of Campbell's Chapter 13 plan, pursuant to 11 U.S.C. §§ 105 and 1325. U.S. Bank's Objection, ECF No. 12-85; Trustee's Objection, ECF No. 12-106.

The Bankruptcy Court held a plan-confirmation hearing in this case on February 19, 2020. Proceeding Memo, Feb. 19, 2020, ECF No. 12-119. The Trustee restated the issues originally filed in its Objection to Confirmation and Campbell failed to carry her burden of confirmation. *Id.*; Appellee's Br. 7, ECF No. 21.

The Bankruptcy Court rendered a decision denying the Chapter 13 plan without leave to amend on March 2, 2020. Order Denying Ch. 13 Plan, ECF No. 12-122. The basis for that decision was Judge Catliota finding that "the proposed Plan does not fulfill the requirements for confirmation set out in 11 U.S.C. § 1325 and that the Debtor is unable to file a Plan that is susceptible of confirmation." *Id.* Despite this, Judge Catliota gave Campbell an opportunity to cure her plan's shortcomings and ordered "that if, within fourteen (14) days from the date of entry

3

of this Order, this case is not converted to a case under another chapter the Court may reconvert this case to a case under Chapter 7 or dismiss this case, without further notice or hearing, because of Debtor's failure to prosecute the case." *Id.*

As a result of that ruling, Campbell was left with two options — to dismiss the case or reconvert it to Chapter 7. "Order Denying Notice of Appearance; Stipulation to Proof of Claim and Mot. to Vacate the Denial of the Ch. 13 Plan" ("Order Denying Mot."), ECF No. 12-148. However, on March 16, 2020, Campbell asked the Bankruptcy Court to vacate its order denying her Chapter 13 plan (docketed at ECF No. 12-122). "Notice of Appearance; Stipulation to Proof of Claim and Motion to Vacate the Denial of the Ch. 13 Plan" ("Mot. to Vacate Order"), ECF No. 12-126. The Bankruptcy Court denied her motion on June 10, 2020, finding that Campbell "addressed none of the reasons for the court's ruling" in the Order Denying Plan and that her allegations were "wholly lacking in support of reconsideration." Order Denying Mot. 3, ECF No. 12-148. On June 30, 2020, the Bankruptcy Court sustained the Trustee's Objection to Campbell's proposed Plan and dismissed her case. Order Sustaining Objection to Exemptions, ECF No. 12-150; "Order of Dismissal", ECF No. 12-151.

Campbell filed the appeal presently before this Court on July 14, 2020. Notice of Appeal, ECF No. 12-153. The Notice of Appeal indicates that the sole matter appealed from is the "Order with Notice Dismissing Chapter 13 Case and Notice That Automatic Stay is Terminated," ECF No. 12-151. *Id.*

## Standard of Review

District Courts review a Bankruptcy Court's conclusions of law *de novo* and "factual findings for clear error." *In re Merry-Go-Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005) (citing *Loudoun Leasing Dev. Co. v. Ford Motor Credit Co.*) *In re K & L Lakeland,*

4

*Inc.)*, 128 F.3d 203, 206 (4th Cir.1997)). Notably, "the decision of a bankruptcy court 'must be affirmed if the result is correct' even if the lower court relied upon 'a wrong ground or gave a wrong reason.'" *Bellinger v. Buckley*, No. JKB-17-0068, 2017 WL 3722827, at *2 (D. Md. Aug. 29, 2017) (quoting *Okoro v. Wells Fargo Bank, N.A.*, 567 B.R. 267, 271 (D. Md. 2017) (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943))). This means that "this Court may 'affirm the bankruptcy court on any ground supported by the record.'" *Id.* (quoting *LeCann v. Cobham (In re Cobham)*, 551 B.R. 181, 189 (E.D.N.C.), *aff'd*, 669 F. App'x 171 (4th Cir. 2016), *reh'g denied* (Nov. 29, 2016)).

## Discussion

### A. Order of Dismissal

11 U.S.C. § 105 that provides Bankruptcy Courts may, "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" and "sua sponte, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). "'Any action' includes dismissal." *Mustafa v. Branigan*, No. PJM 16-3828, 2017 WL 2634153, at *2 (D. Md. June 16, 2017) (citing *In re Kestell*, 99 F.3d 146, 149 (4th Cir. 1996)).

In *Kestell*, the Fourth Circuit observed that § 105 is "an omnibus provision phrased in such general terms as to be the basis for a broad exercise of power in the administration of a bankruptcy case," and that the statute's "basic purpose . . . is to assure the bankruptcy courts [sic] power to take whatever action is appropriate or necessary in aid of the exercise of its jurisdiction." 99 F.3d at 148 (quoting 2 L. King, *Collier on Bankruptcy* § 105.01, at 105-3 (1996)). The *Kestell c*ourt explicitly stated that § 105 "grants judges the authority to dismiss a bankruptcy petition *sua sponte* for ineligibility, for lack of good faith, or for one of the 'causes' enumerated in section 1112." *Id.*

5

at 149 (citations omitted). The court did not, however, limit the Bankruptcy Court's authority to dismiss pursuant to § 105 to these circumstances alone. *See generally id.*; *Kaur v. Grigsby*, No. PWG-17-7, 2017 WL 4050229, at *2 (D. Md. Sept. 13, 2017).

A Bankruptcy Court may "on request of a party in interest . . . after notice and a hearing . . . convert a case under [chapter 13] to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including . . . denial of confirmation of a plan under section 1325 of this title." 11 U.S.C. § 1307(c)(5).

Here, the Notice of Appeal limits the matter appealed from the Bankruptcy Court to the ruling in the court's "Order with Notice Dismissing Chapter 13 Case and Notice That Automatic Stay is Terminated."[2] Order of Dismissal, ECF No. 12-151; Notice of Appeal, ECF No. 12-153 at 1. The Bankruptcy Court's Order of Dismissal provides that Campbell "has not properly prosecuted this action by electing to convert this Chapter 13 case to a case under another chapter or to dismiss within the time allowed by [the Order Denying Confirmation of Chapter 13 Plan Without Leave to Amend in a Converted Case]." Order Denying Ch. 13 Plan, ECF No. 12-122; Order of Dismissal, ECF No. 12-151. As Appellee argues, § 105 clearly authorizes Bankruptcy Courts to establish a deadline for compliance and dismiss a case for failure to comply by the prescribed deadline after the inability of the Debtor to meet her burden of proposing a confirmable Plan. Appellee's Br. 10, ECF No. 21; *see also Kestell*, 99 F.3d at 148 (recognizing "the broad grant of judicial power set forth in 11 U.S.C. § 105(a)").

---

[2] As Appellee states, "the Debtor's Brief and Reply tend to focus on peripheral issues not squarely before this Court on appeal, such as the exact nature of the entity that filed the petition, whether the Fair Debt Collection Practices Act ("FDCPA") somehow affects the validity of her debts and mortgage, and whether she has "international immunity" of some kind." Appellee's Br. 8, ECF No. 21. But Appellee correctly notes that the only issue before me on this appeal is whether the Bankruptcy Court correctly dismissed Campbell's case after Campbell failed to comply with the Bankruptcy Court's orders. *Id.*; *see also* Order Denying Ch. 13 Plan, ECF No. 12-122; Order of Dismissal, ECF No. 12-151. Due to the limited scope of this appeal, I need not address the irrelevant issues Campbell has raised.

6

### B. Order Denying Confirmation of Chapter 13 Plan Without Leave to Amend in a Converted Case

While Campbell has not appealed the Order Denying Confirmation of a Chapter 13 Plan Without Leave to Amend in a Converted Case, that order is an important precursor to the Bankruptcy Court's Order dismissing the case and, as Appellee states, warrants some discussion. Order Denying Ch. 13 Plan, ECF No. 12-122; Order of Dismissal, ECF No. 12-151; Appellee's Br. 7, ECF No. 21.

11 U.S.C. § 1325 lists the requirements a Bankruptcy Court must find to confirm a Chapter 13 Plan. These requirements, Appellee correctly notes, are technical and numerous,[3] "and each provision plays an important role in the delicate balance made by Congress between creditor and debtor." Appellee's Br. 10. "A Voluntary Petition in Chapter 13 [is not] to be a carte blanche document permitting a debtor to deal with his creditors in any manner he sees fit." *Matter of McClaflin*, 13 B.R. 530, 534 (Bankr. N.D. Ill. 1981). Further, the Debtor—here, Ms. Campbell—bears the burden of proof in establishing validity of a Chapter 13 plan. *In re Lewis*, 170 B.R. 861, 865 (Bankr. D. Md. 1994).

But Campbell has failed to prove that all confirmation criteria were met. Campbell's proposed Chapter 13 Plan sought—without any legal basis—to exempt 100% of the fair market value of her real and personal property. Ch. 13 Plan, ECF No. 12-78; Obj. to Exemptions, ECF No. 12-98. Unsurprisingly, U.S. Bank objected to confirmation of Campbell's Chapter 13 Plan

---

[3] As appellee succinctly summarizes:
> Given the numerous and technical nature of the requirements to confirm a plan under Chapter 13, it can be particularly difficult for *pro se* debtors to confirm a Plan. However, "[e]ven though a *pro se* litigant is not held to the same standard as an attorney, a *pro se* pleading must meet basic pleading requirements and demonstrate the basis for relief in order to provide notice to the opposing party. The court is not tasked with creating claims and arguments for *pro se* parties."

Appellee Br. 10, n. 3, ECF No. 21 (quoting *In re McFadden*, 477 B.R. 686, 696 (Bankr. N.D. Ohio 2012)).

7

because the Plan "does not comply with 11 U.S.C. Section 1325, in that it does not pay [U.S. Bank] its pre-petition arrearage claim and that it does not have proper treatment of the claim." U.S. Bank's Objection ¶ 6, ECF No. 12-85. Specifically, U.S. Bank argued that the Plan "proposes to pay a total of $0.00 of the [$126,098.03] pre-petition arrears, proposes to surrender the promissory note which the debtor does not own . . . the secured party's collateral cannot be surrendered [*sic*] in satisfaction of the debtor's debt and the proposed surrender is not supported by the Bankruptcy Code." *Id.* ¶¶ 2-4.

Like U.S. Bank, the Chapter 13 Trustee also objected to confirmation of Campbell's Chapter 13 plan, arguing that Campbell's Plan is not confirmable for reasons including:

(1) It provides gross funding of $5,400.00 and is underfunded.
. . .
(8) The Debtor's schedules identify significant assets including interests in businesses, personal injury claims, and stock. The Plan fails to pay unsecured creditors in an amount equal to what they would receive in a hypothetical liquidation in violation of 11 U.S.C. § 1325(a)(4).
(9) The Debtor has made 5 plan payments and 8 have come due, and is in default of in the amount of $450.00 (3 payments).
(10) The Trustee cannot determine the disposable income of the household inasmuch as the Debtor has not provided proof of her spouse's income and the income is not disclosed on Schedule I. The Plan fails to commit all disposable income in violation of 11 U.S.C. § 1325(b)(1)(B).
(11) The Plan is not feasible because the Debtor has no ability to cure the arrears in the plan term in violation of 11 U.S.C. § 1325(a)(6). A proposed chapter 13 plan cannot be confirmed unless it is feasible. "The court should scrutinize the plan carefully to determine whether it offers a reasonable prospect of success and is workable.["] *Pookrum v. Bank of America*, N.A., 512 B.R. 781, 788 (Bankr. D. Md. 2014).

Trustee's Objection, ECF No. 12-106. The Objection further alleges bad faith on the part of Campbell based on her significantly underfunded Plan, the Plan's "failure to properly treat claims, its inclusion of lengthy objectionable non-standard language, and the Debtor's failure to make all plan payments." *Id.* at 2. The Bankruptcy Court held a plan confirmation hearing in this case on

8

February 19, 2020. During the hearing, Campbell again failed to carry the burden of confirmation. Appellee's Br. 6, ECF No. 21.

Subsequently, the Bankruptcy Court rendered a decision denying Campbell's Chapter 13 Plan without leave to amend on March 2, 2020, concluding that "the proposed Plan does not fulfill the requirements for confirmation set out in 11 U.S.C. § 1325 and that the Debtor is unable to file a Plan that is susceptible of confirmation." Order Denying Plan Ch. 13 Plan, ECF No. 12-122. The Bankruptcy Court further ordered "that if, within fourteen (14) days from the date of entry of this Order, this case is not converted to a case under another chapter the Court may reconvert this case to a case under Chapter 7 or dismiss this case, without further notice or hearing, because of Debtor's failure to prosecute the case." *Id.*

As noted, as a result of that ruling, Campbell was left with two options: to dismiss the case or re-convert it to Chapter 7. Order Denying Ch. 14 Plan, ECF No. 12-122. But Campbell ignored the two options afforded by the Bankruptcy Court. Instead, she asked the Bankruptcy Court to vacate the Order Denying Plan ruling. Mot. to Vacate Order, ECF No. 12-126.

On June 10, 2020, the Bankruptcy Court denied Campbell's motion upon finding that Campbell "addressed none of the reasons for the court's ruling" in the Order Denying Plan. Order Denying Mot., ECF No. 12-148. The first ground on which the Bankruptcy Court denied Campbell's Plan was that she did not meet the requirements of 11 U.S.C. § 109(e), which require a Chapter 13 debtor to be an "individual." *Id.* at 1-2. The Bankruptcy Court noted that, "[a]s represented at the hearing, in multiple filings, and in the Motion itself," Campbell insisted that she was acting as a "principal" for an international organization known as "Lisa Patrice Campbell." *Id.* In her other filings, "principal" appears as "record owner of legal and equitable title and superior interest in and to Lisa Patrice Campbell ("Debtor")." *Id.* n.1 (citing Notice of Certification

9

of the Record and Finding of Fact; Request for Mandatory Judicial Notice, ECF No. 12-131). "Principal" also appears "holding all legal and equitable title in and to Lisa Patrice Campbell ("Debtor"), which is an international organization created and registered under the obligations of International Law." *Id.* It is no surprise that the Bankruptcy Court reached its limits with Campbell. Her filings before that Court are replete with nonsensical pseudo-legalisms devoid of any meaning. Regardless of Campbell's contrived definition of the "principal," the Bankruptcy Court properly found that such an imaginary "entity" does not meet the "individual" requirement of § 109(e). *Id.*

But more importantly, and even if Campbell satisfied the § 109(e) "individual" requirement, her Plan would still be denied because Campbell did not propose a confirmable Plan. *Id.* at 2. The proposed Plan provides a gross funding of $5,400.00 ($150 per month for 36 months), an amount grossly insufficient to satisfy her pre-petition arrears in excess of $126,000. *Id.* The Bankruptcy Court reasoned that

> Section 1322(b)(5) allows a debtor to maintain post-petition payments to a secured creditor while curing a pre-petition arrearage in a reasonable time, that standard is not met here. . . . [I]n order for the plan to be feasible, and hence confirmable, the arrearage must be cured in the event the debtor[] is not successful in her challenge to the bank's claim. Her plan states if she is not successful in that proceeding, the bank will be paid from "collateral held pursuant to the Federal Reserve Board Operating Circular 10." [ Ch. 13 Plan 5, ECF No. 12-78.] The documents submitted by the debtor failed to establish that there is any such collateral of value available to her.

*Id.* The court further noted other objections raised by U.S. Bank and the Trustees, all of which Campbell failed to address, including the non-standard language proposed in the plan and her failure to establish her ability to make all payments under the plan, given that she was in default in three plan payments. *Id.*

Having reviewed Campbell's allegations in the Motion, the Bankruptcy Court properly found them to be "wholly lacking in support of reconsideration" and that they "addressed none of

10

the reasons for the court's ruling" in the Order Denying Plan. *Id.* at 3. On June 30, 2020, the Bankruptcy Court sustained the Trustee's Objection to Campbell's proposed Plan and dismissed her case. Order Sustaining Objection to Exemptions, ECF No. 12-150; Order of Dismissal, ECF No. 12-151.

Campbell's Brief and Reply here, similar to her filings in the Bankruptcy Court, also are full of meaningless legal jargon and arguments that, assuming that they are comprehensible, are irrelevant. Appellant's Br., ECF No. 20; Reply Br., ECF No. 24. None of her arguments about her imagined Right of Self-Determination, International Organization immunity, and the application of FDCPA to her debts address the core reasons that the Bankruptcy Court ultimately dismissed her case. Campbell has not mentioned—much less met—the requirements for proposing a confirmable Plan, the most important reason that her Plan was denied. She even admitted in her Reply that "Appellant does not deny that the lower court has the authority to, and correctly dismissed the bankruptcy upon its findings." Reply Br. 10, ECF No. 24.

Under these circumstances, I conclude that the Bankruptcy Court's decision to dismiss Campbell's case was proper, because Campbell failed to prosecute her case by dismissing or converting to a case under another chapter in compliance with a 14-day deadline established by a prior Order of the Bankruptcy Court, which had denied the Debtor's proposed Chapter 13 Plan for failure to meet her burden of proposing a confirmable Plan, without further leave to amend. Because "the result is correct," I affirm. *See Bellinger*, 2017 WL 3722827, at *2.

## Conclusion

For the foregoing reasons, the Bankruptcy Court's Order of Dismissal (ECF No. 12-151) dismissing Campbell's bankruptcy case IS AFFIRMED; and the Clerk SHALL CLOSE this case. A separate order follows.

DATED this 31st day of March, 2021.

                                             BY THE COURT:

                                             /S/
                                           Paul W. Grimm
                                           United States District Judge